# WINDSOR COUNTY,

## FEBRUARY TERM, 1837.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
   " STEPHEN ROYCE,
   " JACOB COLLAMER,    } *Assistant Justices.*
   " ISAAC F. REDFIELD,

## TOWN OF ROYALTON *v.* TOWN OF BETHEL.

In order to gain a settlement, under the statute, by a residence "for the term of seven years," the pauper must have his domicil in the town, during that period of time, without interruption.

THIS case was submitted to the county court upon the following case stated.

Rice Dean had his settlement with his father, John Dean, in Bethel. In the year 1824, he became of age, at which time he resided in Royalton. In 1827 he was married, and, after his marriage, he continued to reside in Royalton till the year 1829, when he rented a house in Tunbridge, for three years, and removed there with his family, and went to work on a contract that was to be continued one year. He continued to reside in Tunbridge with his family about ten months, when the contract was given up, and he returned, with his family, to Royalton, and there remained, until removed by an order made by two Justices, November 30, 1835, from which this appeal is taken, and during all said time, supported himself and family without becoming chargeable, either to the town of Royalton or Bethel, or any other place.

If, from the above statement of facts, the court shall be of opinion, that said Rice Dean and family had their legal settlement in Bethel, then the appellees are to recover their costs; otherwise, the appellants to recover their legal damages, being $68, 85, and their costs.

Upon the foregoing statement of facts, the County Court

decided, that the last place of legal settlement of the said Rice Dean was, at the time of said order of removal, in the town of Bethel, therefore, that the persons named in said order of removal, were duly removed. To this decision of the Court the defendants excepted.

*J. Converse,* for defendant.—In which town was the legal settlement of Rice Dean and his family, at the time of the order of removal, from which this appeal was taken ?

His removing to Tunbridge, and remaining there for ten months, under the circumstances, was not such a removal as evidenced an intention of a *permanent* removal or a *permanent remaining abroad,* without which intention, his residence in Royalton was in no sense interrupted.

By the stat. of 1817, it is declared, as the 8th mode of gaining a legal settlement, that "any person, having a settlement "in any town in this state, and of full age, who shall re-"side in any other town in this state for the term of seven "years" &c. The expression *"term of seven years,"* imports nothing more, than space of seven years, or *having resided seven years,* but does not mean a continuous, and uninterrupted residence.

In the case of *Billerica* v. *Chelmsford,* 10 Mass. Rep. 394, it was decided, that a residence, under a statute of that state, must be a *continuous* residence. But it will be seen by an examination of that statute, that a residence of *"ten years together,"* is required to give a settlement; and the Court, in delivering their opinion in that case, placed much emphasis upon the word *" together."* From the reasoning of the Court in that case, if the statute of that State had been similar to ours, the decision would have been the other way, so far as this question was concerned.

By our statute, as a fourth mode of gaining a legal settlement, a person having a list of $60 &c., for *"five years in succession,"* &c., gains a settlement. If by the 8th mode, the Legislature meant a continuous or uninterrupted residence of seven years, the same language, or words of the same sense, would have been used in both cases.

*O. P. Chandler,* for plaintiff.

1. By the phrase, " term of seven years" in the act, is meant a *continuous* residence during that period.

1. This is the common, and indeed the only legal signifi-

cation of the word " term," when applied to time. It has the same meaning here as when applied to "term of office," "term of court," " term of years in a lease," &c.

2. This phrase is used with the same signification in the old statute of '97, for which this statute was substituted. Tolman's Ed. 383.

3. This statute was intended to provide, that if any town should suffer a pauper, from another town, to remain a resident during seven. years, without warning him to depart, the town, so permitting the pauper to remain, should be considered as having adopted him. Should not, then, an actual (though voluntary) removal on the part of the pauper, be regarded as discontinuing all connexion with such town, and have the same effect that a removal by legal process would have ?

4. The adoption of the construction, contended for by the defendants, would be attended with great uncertainty and mischief. If this were so, a pauper might have his residence in a state of progression in several towns at the same time, and thus it would be very difficult to determine to which town he would belong ; besides, it would be in the power of the pauper to fix his settlement at pleasure, and transfer it by a few weeks residence.

Besides, if such occasional residence, at intervals, may be sufficient to fix a legal settlement in any town, it would require the most unwearied diligence, on the part of the town authorities, to ascertain the amount of such occasional residence, and it would, in many cases, be impossible to ascertain to which town the pauper might belong. *Billerica* v. *Chelmsford,* 10 Mass. R. 402. *Manchester* v. *Rupert,* 5 Vt. R. 293.

Any rule, short of the one we contend for, would admit of no limit in its application.

II. Was there, in this case, seven years continuous residence in the town of Royalton ?

It has been settled by repeated decisions in this state, that to constitute a residence in any town there must be an actual abode in such town, except in the case of a temporary *absence, " cum animo revertendi."*

In this case, the facts fully negative any intention of the pauper, while residing in Tunbridge, to return to Royal-

ton, such return being merely accidental. *Middlebury* v. *Waltham,* 6 Vt. R. 202. *Newbury* v. *Topsham,* 7 Vt. R. 409.

The opinion of the Court was delivered by

ROYCE, J.—There was evidently a residence of the pauper in the town of Royalton, for much more than seven years; but whether for "*the term of seven years,*" within a proper construction of the statute, is the sole question. The expressions here used are generally understood to mean an unbroken period of time. This is the settled construction in leases, in contracts for service, and in analogous cases of settlement. It is the more obvious import of the words, in their ordinary and popular signification. We are fully satisfied that no other construction can be adopted in this instance.

It was not required that the pauper should have personally remained in Royalton for the whole seven years, but his domicil must have been there, for that period, without interruption. But we find it unequivocally transferred to another town, where it was continued for the greater portion of a year. This necessarily destroyed the continuity of residence in Royalton. There was, consequently, no residence there for the term of seven years, and the settlement in Bethel was not superseded.

Judgment of County Court affirmed,